# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

Appeal No. 23-12550

JAMES WILSON, III,

*Appellant/Plaintiff*

-vs-

HEAROS, LLC,

*Appellee/Defendant*

## BRIEF OF APPELLANT

Appeal from the United States District Court for the Southern District of Georgia
Case No.: 2:22-CV-00101-LGW-BWC

Brent J. Savage
Georgia Bar No. 627450
SAVAGE & TURNER, P.C.
Post Office Box 10600
Savannah, Georgia 31412
(912) 231-1140
**ATTORNEY FOR APPELLANT**

## <u>CERTIFICATE OF INTERESTED PERSONS</u>
## <u>AND CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to 11th Cir. R. 26.1-1, the undersigned counsel of record for Appellants certifies that the following is a full and complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case, including subsidiaries, conglomerates, affiliates, parent corporations, publicly held corporations that own 10% or more of a party's stock, and other identifiable legal entities related to a party:

1.   Blair, Lervette J., Attorney for Defendant - Appellee, Hearos, LLC.

2.   Ellis, Painter, Ratterree & Adams, LLP, Attorney for Defendant - Appellee, Hearos, LLC.

3.   Hearos, LLC, Defendant - Appellee.

4.   O'Connell, Tracy, Attorney for Defendant - Appellee, Hearos, LLC/

5.   Parker, Poe, Adams, Bernstein, LLP, Attorney for Defendant - Appellee, Hearos, LLC.

6.   Protective Industrial Products, Inc., Parent Company to Defendant - Appellee, Hearos, LLC.

7.   Savage, Turner, Pinckney, Savage & Sprouse, P.C., Attorneys for Plaintiff - Appellant, James H. Wilson, III

8.   Savage, Brent J., Attorney for Plaintiff - Appellant.

9.      Wilson, III, James, Plaintiff - Appellant.

10.     Wood, Lisa Godbey, Judge United States District Court

To Appellant's knowledge, no other publicly traded company or corporation has an interest in the outcome of this case.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant requests oral argument for this matter.  The jurisdictional issues raised herein appear to be matters of first impression for the 11th Circuit, and the underlying ruling is inconsistent with other district court rulings both of this circuit and its sister circuits.

# TABLE OF CONTENTS

STATEMENT OF JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      I.     STATEMENT OF DISTRICT COURT PROCEEDINGS . . . . . . . . 3

      II.    STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      III.   STATEMENT OF STANDARD OF REVIEW. . . . . . . . . . . . . . . . . 5

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT AND CITATIONS OF AUTHORITY . . . . . . . . . . . . . . . . . . . . . . . 6

      A.    DISTRICT COURT LACKED JURISDICTION . . . . . . . . . . . . . . . 6

      B.    ERRED IN FINDING ACTION TIME BARRED . . . . . . . . . . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## <u>TABLE OF CITATIONS</u>

**CASES**

<u>Adams v. Adminastar Defense Services, Inc</u>., 901 F. Supp. 78 (D.

Conn.1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

<u>American Home Assurance Co. v. RJR Nabisco Holdings Corp</u>., 70 F.

Supp. 2d 296 (S.D.N.Y.1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

<u>Aucoin v. Connell</u>, 209 F. App'x 891 (11th Cir. 2006) . . . . . . . . . . . . . . 14

<u>Bank of New York v. Burgess</u>, No. 110CV01850ODEAJB, 2010 WL

11647679 (N.D. Ga. June 23, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

<u>Baris v. Sulpicio Lines</u>, 932 F.2d 1540 (5th Cir. 1991). . . . . . . . . . . . . 6, 7

<u>Betts v. Progressive Specialty Ins. Co., et al.</u>, 2016 WL 3825431 (S.D. Ala.

July 13, 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

<u>Buckley v. Bayrock Mortg. Corp.</u>, No. l:09-cv-1387-TWT, 2010 U.S. Dist.

LEXIS 10636, 2010 WL 476673,(N.D. Ga. Feb. 5, 2010) . . . . . . . . . . . . 12

<u>Cantrell v. McLure</u>, 2018 U.S. District LEXIS 240359 (N.D. Ga. Mar. 12,

2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

<u>Chaparro v. Carnival Corp</u>., 693 F.3d 1333 (11th Cir. 2012). . . . . . . . . . . 5

<u>Conway v. Delgado</u>, No. 92-0905, 1992 U.S. Dist. LEXIS 10763, 1992 WL

189428 (D.D.C. July 21, 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

<u>De Jongh v. State Farm Lloyds</u>, 555 Fed. Appx. 435 (5th Cir. 2006) . . . . . 8

<u>Demarco v. Rakmanov</u>, No. 1:20-CV-04256-SDG, 2021 WL 8998911 (N.D.

Ga. Aug. 13, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

<u>Diaz v. Sheppard</u>, 85 F.3d 1502 (11th Cir. 1996).. . . . . . . . . . . . . . . . . . 6

<u>Edwards v. Neisler</u>, 2023 U.S. Dist. LEXIS 61618 (N.D. Ga. Apr. 7,2023). 9

<u>First Independence Bank v. Trendventures, LLC</u>., 2008 U.S. Dist. LEXIS

6577, 2008 WL 253045 (E.D. Mich., Jan. 30, 2008). . . . . . . . . . . . . . . . 11

<u>Geiger v. Arctco Enterprises, Inc</u>., 910 F. Supp. 130 (S.D.N.Y.1996) . . . . 10

<u>Griffin v. S. CO. Servs</u>., 635 Fed. Appx. 789 (11th Cir. 2015). .. . . . . . . . . 5

<u>Hobbs v. Arthur</u>, 264 Ga. 359 (1994) p. 13

<u>Housing Authority of Atlanta v. Millwood</u>, 472 F.2d 268 (5th Cir. 1973). . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6, 7, 8, 9

<u>In re Allstate Ins. Co.</u>, 8 F.3d 219 (5th Cir. 1993) p. 6, 7

<u>In re MacNeil Bros</u>., 259 F.2d 386 (1st Cir.1958) (per curiam) . . . . . . . . . 10

<u>In re Notice of Removal Filed by William Einhorn</u>, 481 F. Supp. 2d 345 (D.

N.J. 2007) .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

<u>Jana Master Fund, Ltd. v. JP Morgan Chase & Co.</u>, 490 F. Supp. 2d 325

(S.D. N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

<u>Jenkins-Dyer v. Exxon Mobil Corp</u>., 2008 U.S. Dist. LEXIS 49512, 2008

WL 2560717 (D. Kan., 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

<u>Kane v. Republica De Cuba</u>, 211 F. Supp. 855 (D.P.R.1962) . . . . . . . . . . 10

<u>Kimbrough v. City of Cocoa</u>, No. 6:05-CV-471, 2006 U.S. Dist. LEXIS

36900, 2006 WL 1643364 (M.D. Fla. June 6, 2006) . . . . . . . . . . . . . . . . .12

<u>Moody v. Gilliam</u>, 281 Ga. App. 819 (2006) . . . . . . . . . . . . . . . . . . . . . . 13

<u>Moore v. McCalla Raymer, LLC</u>, 916 F. Supp. 2d 1332 (N.D. Ga. 2013). . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12, 13

<u>Rentz v. Swift Transport Co., Inc</u>., 185 F.R.D. 693 (M.D.Ga. 1998) . . 12, 14

<u>Rice v. Alpha Sec., Inc</u>., 556 Fed. App'x 357 (4th Cir. 2014) . . . . . . . . . 13

<u>Ritts v. Dealers Alliance Credit Corp</u>., 989 F. Supp. 1475 (N.D. Ga. 1997)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

<u>Rivero v. Lung Inst., LLC</u>, No. 8:17-CV-3113-T-23MAP, 2018 U.S. Dist.

LEXIS 122395 (M.D. Fla. July 23, 2018).. . . . . . . . . . . . . . . . . . . . . . . . 9

<u>Robinson v. Boyd</u>, 288 Ga. 53 (2010) p. 13

Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040 (11th Cir. 2001).
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

Salazar v. Allstate Texas Lloyd's Inc., 455 F.3d 571 (5th Cir. 2006) . . . . . . 8

Sallee v. Ford Motor Co. , No. 2:12-cv-1086-WKW, 2013 U.S. Dist. LEXIS
90122, 2013 WL 3280325,(N.D. Ala. June 27, 2013) . . . . . . . . . . . . . . . .12

Sanderford v. Prudential Ins. Co. of Am., 902 F.2d 897 (11th Cir. 1990). .11

Tesh v. Doitt Holding, LLC, 2023 U.S. Dist. LEXIS 6845,1 (N.D. Ga. April
18, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Univ of S. Ala. v. Am. Tobacco Co., 168 F.3d 405 (11th Cir. 1999) . . . . . 11

Van Omen v. Lopresti, 849 S.E.2d 758 (Ga. Ct. App. 2020) . . . . . . . . . . . 14

White v. Capio Partners, LLC, 2015 U.S Dist. LEXIS 139259 (S.D. Ga.
2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 14

**Statutes**

28 U.S.C. § 1332  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 7
28 U.S.C. § 1291  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1
28 U.S.C. §  1441 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7, 9, 10
28 U.S.C. § 1448 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5, 12
28 U.S.C. § 1442 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6
28 U.S.C. § 1446 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6, 10
28 U.S.C. § 1447 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11
28 U.S.C. § 1448 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5, 12
O.C.G.A. § 9-11-4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
O.C.G.A. § 9-11-61 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## STATEMENT OF JURISDICTION

The District Court heard the underlying case on the basis of diversity jurisdiction as the parties were completely diverse and the amount in controversy met the required amount.  (See 28 U.S.C. § 1332(a)).  This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291 over the final judgment dismissing Plaintiff - Appellant's action.

The District Court granted Defendant - Appellee Hearos, LLC's Motion to Dismiss on July 7, 2023, and entered judgment on July 10, 2023.  (Docs. 43, 44).  Plaintiff - Appellant filed a Motion for Reconsideration on July 17, 2023.  (Doc. 45).  Appellant filed a timely notice of appeal (see Fed. R. App. P. 4(a)(1)(A) & 4(a)(4)(A)) on August 4, 2023.  (Doc. 50).  This Court suspended the filing deadlines for all briefing pending the District Court's ruling on the motion to reconsider/set aside, which was denied on October 5, 2023.  (Doc. 58).

## STATEMENT OF THE ISSUES

This appeal presents three issues:

(1)    Did the District Court lack Subject Matter Jurisdiction over the action as it was removed from state court by a non-party?

(2)    Is the removal of an action by a non-party a procedural defect that can be waived or a jurisdictional defect that cannot be waived?

(3)    If the District Court had jurisdiction, was it error to apply state procedural law after the action was removed to the Federal District Court?

## STATEMENT OF THE CASE

This appeal arises from a civil tort action brought under Georgia law by Plaintiff - Appellant James H. Wilson, III.  Appellant suffered significant injuries when he relied on Defendant - Appellee, Hearos, LLC's ("Hearos") earplugs to protect him from auditory damage while attending handgun licensing class at Winchester Public Shooting Range, located in Dallas Texas, on July 25, 2020. (Doc. 1-1, ¶¶ 7-8).  Hearos conducts substantial business across the nation, including in Texas (location of injury) and Georgia (location of purchase).  (Doc 1-1 ¶ 2).

### A.    Statement Of District Court Proceedings

Appellant filed suit on July 22, 2022. (Doc. 1-1).  Non-party Protective Industrial Products, Inc. ("PIP"), the parent company of Appellee, removed the action to federal court on October 3, 2022.  (Doc. 1).  Appellee and non-party PIP filed special appearance answers and a motion to dismiss on October 11, 2022. (Docs. 4-10).  Appellant responded to the motion to dismiss on October 25, 2022 - which was filed by a reply from Appellee and non-party PIP and a sur-reply by Appellant.  (Docs. 13, 14, 15, 16, & 20).  Appellee and non-party PIP then filed renewed special appearance answers and a renewed motion to dismiss.  (Docs. 21, 22).

A motion hearing was held on March 13, 2023.  (Doc. 39).  Following the hearing, the District Court issued a "Show Cause" Order on April 27, 2023, directing Appellant to explain his diligence in service following removal, which Appellant filed on May 12, 2023.  (Docs. 40, 41).

The District Court granted Defendant - Appellee Hearos, LLC's Motion to Dismiss on July 7, 2023, and entered judgment on July 10, 2023.  (Docs. 43, 44). Plaintiff - Appellant filed a Motion for Reconsideration on July 17, 2023.  (Doc. 45).  Appellant filed a timely notice of appeal (see Fed. R. App. P. 4(a)(1)(A) & 4(a)(4)(A)) on August 4, 2023.  (Doc. 50).

### B.    Statement of the Facts

Appellant purchased Hearos' earplugs to protect him from potential auditory

damage, i.e. while attending a handgun licensing class at Winchester Public

Shooting Range.  (Doc. 1-1).  The shooting range was located in Dallas, Texas, and

the class took place on July 25, 2020.  (Doc. 1-1).  Hearos is a national corporation

that advertises its products as quality hearing protection, conducting substantial

business across the nation, including in Georgia, (Doc. 1-1).

Appellant began feeling discomfort and pain and his ears after shooting a

few rounds of a handgun at this licensing class.  (Doc. 1-1, ¶ 8).  Appellant was

concerned, so he stopped firing his weapon and left the range.  (Id.)  He then

visited his regular ear doctor, Ford Albritton, M.D., who prescribed steroid to

alleviate the pain and hopefully repair Appellant's hearing.  (Doc. 1-1, ¶ 9).

Unfortunately, Appellant's hearing did not improve, so he was referred to

specialist John Peters, M.D., who, after extensive testing, diagnosed him with

acute acoustic trauma with significant perceptive hearing loss.  (Doc. 1-1, ¶ 10).

Appellant is still suffering from these injuries.

On July 22, 2022, Appellant filed suit against Appellee.  (Doc. 1-1).

Appellant first attempted to serve Hearos a few days later through what was

believed to be its registered agent, CT Corporation System ("CT").  However, CT

rejected service and stated it was not the registered agent for Hearos, and

Appellant discovered that Hearos actually appeared to be dissolved according to

the Georgia Secretary of State's website and could not transact business in

Georgia.  (Doc. 20). Appellant then attempted to serve the parent company of

Hearos, PIP, as it was registered to do business in Georgia, and sent a service

package to PIP's registered agent on August 18, 2022.  (Id.)  From there, the

action was removed by non-party PIP and the proceedings described above took

place. (Supra).

### C.     Statement of the Standard of Review

This Court "review[s] *de novo* a district court's grant of a Rule 12(b)(6)

motion for failure to state a claim, accepting the complaint's allegations as true

and construing them in the light most favorable to the plaintiff." Griffin v. S. CO.

Servs., 635 Fed. Appx. 789, 792 (11th Cir. 2015) (quoting Chaparro v. Carnival

Corp., 693 F.3d 1333, 1335 (11th Cir. 2012)) (internal quotation marks omitted).

### SUMMARY OF THE ARGUMENT

The District Court committed three errors in ruling in favor of Appellee -

Defendant Hearos.  First, the District Court failed to remand the case despite not

possessing Subject Matter Jurisdiction.  Relatedly, two, the District Court ruled

that the removal of an action by a non-party is a waivable procedural defect,

contrary to 28 U.S.C.§§ 1441, 1448 and most, if not all, interpretations of those statutes.  Third, if the District Court had jurisdiction, it erred in applying state procedural law even after removal of the action from state court.

## ARGUMENT AND CITATION OF AUTHORITY

### A.    The District Court Lacked Subject Matter Jurisdiction

The party seeking to remove a case to federal district court bears the burden of demonstrating that the removal is proper.  Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996).  Moreover, "there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand."  Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001).

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the **defendant or the defendants**[.]" (Emphasis added). (See also 28 U.S.C. § 1446(a), outlining procedures explicitly for a "defendant or defendants" to remove a civil action to federal court).  Being "made a party to the suit [is] a precondition for the district court to have removal jurisdiction under either 28 U.S.C., Section 1441 or Section 1442(a)(1)."  Housing Authority of Atlanta v. Millwood, 472 F.2d 268, 272 (5th Cir. 1973).  (Punctuation omitted) (emphasis

added).  If this precondition is not met, "[t]he district court lack[s] jurisdiction to rule on substantive issues."  Id at 272.

In dismissing Appellant's action, the District Court relied on In re Allstate Ins. Co., 8 F.3d 219 (5th Cir. 1993),which is the progeny of Baris v. Sulpicio Lines, 932 F.2d 1540 (5th Cir. 1991), to interpret the binding 5th Circuit case Hous. Auth. of Atlanta, Ga. v. Millwood, 472 F.2d 268, 270 (5th Cir. 1973).  The District Court improperly found that non-party PIP's removal of the case was a waivable defect.(Doc. 43).  Whether this defect is waivable is dependent upon if such defect is procedural or jurisdictional.  Looking to the Baris Court that guided the District Court's ruling in this case, a procedural defect arises if "the action is of a nonremovable character, or although within removal jurisdiction, **defendant** has not pursued the proper procedure in removing the suit."  Baris, 932 F. 2d at 1544 (citation omitted).  As discussed below, the defect present in this case does not fit into either of these Baris categories, and is thus a non-waivable jurisdictional defect.

It is not disputed by either party that this action is of removable character pursuant to U.S.C. §§ 1332, 1441. Thus, under Baris and its resulting cases, including In re Allstate Ins. Co., the only scenario in which the subject defect could be procedural (as opposed to jurisdictional) is if the defect was bourne from

**the Defendant's** failure to pursue the proper procedure for removal.  Baris, 932

F.2d at 1554.  However, as is agreed to by the parties and found by the District

Court, the sole defendant, Hearos, did not pursue **any** procedure for removal.  The

removal was effectuated by non-party PIP.

     As some credence should be afforded to subsequent 5th Circuit

interpretations of Millwood, it is important to note that the 5th Circuit has

consistently held that removal by any entity other than the defendant is a

jurisdictional defect and not a procedural one.  (See De Jongh v. State Farm

Lloyds, 555 Fed. Appx. 435, 438 (5th Cir. 2006), "State Farm never properly

became a defendant and therefore lacked authority to remove this action to federal

court[.]"; Id at Footnote 5, "State Farm contends that, to the extent it erred in

improperly removing the case to federal court as a non-party, such error is, at

worst, a 'procedural defect' that [Plaintiff] waived . . . **We disagree**.  State Farm's

removal of this case did not transform it into a party to the case." (Emphasis

added); Salazar v. Allstate Texas Lloyd's Inc., 455 F.3d 571, 575 (5th Cir. 2006),

"Indeed, this court has held that where an entity has not properly been made a

party in state court, removal jurisdiction cannot be premised on its presence in the

action.") Appellant has not located any 5th Circuit authority finding the removal by

a non-party is a waivable procedural defect.

- 8 -

It does not appear that this specific issue has been addressed by the 11th Circuit yet, however, many district courts of this circuit have addressed this issue. It appears unanimous among these district court decisions that a non-party removal is a jurisdictional defect preventing a federal court from having Subject Matter Jurisdiction over an action. <u>Betts v. Progressive Specialty Ins. Co., et al.</u>, 2016 WL 3825431 (S.D. Ala. July 13, 2016), "only 'the defendant or defendants' may remove a civil action under 28 U.S.C. § 1441(a). **In this Circuit, removal under § 1441 by a non-party to the suit is a <u>jurisdictional, rather than procedural, defect</u>**." (Emphasis added); <u>Tesh v. Doitt Holding, LLC</u>, 2023 U.S. Dist. LEXIS 6845,1 at *4-5 (N.D. Ga. April 18, 2023), "Because [entity] is a non-party in the state court action, the purported removal of this action by [entity] is improper and the Court lacks subject matter jurisdiction **for this reason alone**." (Emphasis added); <u>Rivero v. Lung Inst., LLC</u>, No. 8:17-CV-3113-T-23MAP, 2018 U.S. Dist. LEXIS 122395, at *1 (M.D. Fla. July 23, 2018), "A district court lacks subject-matter jurisdiction if a non-party removes an action."; <u>Bank of New York v. Burgess</u>, No. 110CV01850ODEAJB, 2010 WL 11647679, at *2 (N.D. Ga. June 23, 2010); <u>Edwards v. Neisler</u>, 2023 U.S. Dist. LEXIS 61618 (N.D. Ga. April 7, 2023), "**[t]he weight of authority** instructs that a district court is without subject matter jurisdiction in a case where that court's removal jurisdiction is invoked by a

non-party." (Citing <u>Millwood</u>, 472 F.2d at 272) (emphasis added).

Expounding upon "the weight of authority" described by the <u>Edwards</u>
Court (<u>supra</u>), it appears there is no dispute in any federal circuit as to the
jurisdictional nature of the defect caused by a non-party removing a case.
<u>American Home Assurance Co. v. RJR Nabisco Holdings Corp</u>., 70 F. Supp. 2d
296 (S.D.N.Y.1999) found that "a non-party — even one that, like Nabisco, claims
to be a real party in interest — has no authority to notice removal under the
statutes here utilized, 28 U.S.C. § 1441 and § 1446(a), which speak only of
removal "**by the defendant or defendants**." (Emphasis added). "It is clear... that
the right of removal is **vested exclusively in defendants**." <u>Geiger v. Arctco</u>
<u>Enterprises, Inc</u>., 910 F. Supp. 130, 131 (S.D.N.Y.1996) (emphasis added). (<u>See</u>
<u>Adams v. Adminastar Defense Services, Inc</u>., 901 F. Supp. 78, 79 (D. Conn.1995)
(only a defendant, who is by implication a party in state court, has standing to
remove); <u>Conway v. Delgado</u>, No. 92-0905, 1992 U.S. Dist. LEXIS 10763, 1992
WL 189428, at *2 (D.D.C. July 21, 1992) (only defendants have standing to
remove); <u>Kane v. Republica De Cuba</u>, 211 F. Supp. 855, 856-58 (D.P.R.1962) (a
nonparty who has not formally intervened may not remove a case from state
court); cf. <u>In re MacNeil Bros</u>., 259 F.2d 386, 387 (1st Cir.1958) (*per curiam*);
<u>Jana Master Fund, Ltd. v. JP Morgan Chase & Co</u>., 490 F. Supp. 2d 325 (S.D.

- 10 -

N.Y. 2007)(under Edge Act, only a named "defendant" may remove the action); In re Notice of Removal Filed by William Einhorn, 481 F. Supp. 2d 345, 347-348 (D. N.J. 2007)("The plain language of the statute clearly limits the right of removal to 'defendants.' In this case, the Fund is not even a party to the state action. To interpret **'defendant' to include non-parties would produce an absurd result and would contravene more than 65 years of jurisprudence that has only allowed removal by 'defendants' to claims asserted by a plaintiff**.") (Emphasis added).  (See also Jenkins-Dyer v. Exxon Mobil Corp., 2008 U.S. Dist. LEXIS 49512, 2008 WL 2560717 (D. Kan., 2008); First Independence Bank v. Trendventures, LLC., 2008 U.S. Dist. LEXIS 6577, 2008 WL 253045 (E.D. Mich., Jan. 30, 2008).

Even if this issue was not raised by Appellant with the District Court, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999).  As such, this case should have been remanded to state court for further proceedings as opposed to dismissed. (See 28 U.S.C. § 1447©).

**B.    Even If District Court Had Jurisdiction, the Court Erred in Finding Appellant's Action was Time Barred Due to Service of Process**

Should it be found that the District Court had jurisdiction, it erred in ruling that Appellant's action should be dismissed as being time barred following diligent attempts at service.  Dismissal for defects in process and service of the summons is disfavored and should only be granted on a showing of actual prejudice.  Sanderford v. Prudential Ins. Co. of Am., 902 F.2d 897 (11th Cir. 1990).  "[T]he court may allow any process or proof of service to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom process issued."[1]  Id at 900.

28 U.S.C. § 1448, in pertinent part, states:

> In all cases removed from any State court to any District of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to the removal, **or in which process served proves to be defective**, such process or service may be completed or **new process issued** in the same manner as in cases originally filed in such district court.

Id. (Emphasis added).

Further, Fed. R. Civ. P. Rule 4(m)'s requirements commence upon the day a case is removed to federal court."  Rentz v. Swift Transport Co., Inc., 185 F.R.D. 693, 696 (M.D.Ga. 1998); White v. Capio Partners, LLC, 2015 U.S Dist. LEXIS

---

[1] At no point has Appellee argued that it did not have reasonable notice of the subject matter/parties or reasonable time to appear.

139259 (S.D. Ga. 2015).[2] Thus, Rule 4(m) was controlling following the October

3, 2022 removal.  (See Fed. R. Civ. P. 81(c)(1) ("[The federal] rules apply to a

civil action after it is removed from a state court.")

Prior to removal, though, "the sufficiency of service of process . . . is

determined by the law of the state from which the action was removed." Demarco

v. Rakmanov, No. 1:20-CV-04256-SDG, 2021 WL 8998911, at *2 (N.D. Ga. Aug.

13, 2021) (quoting Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1339

(N.D. Ga. 2013)). Under Georgia law, "[w]here a complaint is filed near the

statute of limitation and service is made after the statute expires and after the five-

day safe harbor provision contained within O.C.G.A. § 9-11-4©, the relation back

of the service to the date of filing is dependant upon the diligence exercised by the

plaintiff in perfecting service.") Moody v. Gilliam, 281 Ga. App. 819, 820 (2006).

Again, there is no dispute that Appellant was diligent in attempting to perfect

service through at least up to the removal on October 3, 2022.  (See Doc. 43,

"Plaintiff has provided specific dates and details explaining his diligence up to

_____

[2] Ritts v. Dealers Alliance Credit Corp., 989 F. Supp. 1475, 1478-79 (N.D. Ga. 1997); Sallee v. Ford Motor Co. , No. 2:12-cv-1086-WKW, 2013 U.S. Dist. LEXIS 90122, 2013 WL 3280325, at *5 n. 4 (N.D. Ala. June 27, 2013); Buckley v. Bayrock Mortg. Corp., No. l:09-cv-1387-TWT, 2010 U.S. Dist. LEXIS 10636, 2010 WL 476673, at *4 n.6 (N.D. Ga. Feb. 5, 2010); Kimbrough v. City of Cocoa, No. 6:05-CV-471, 2006 U.S. Dist. LEXIS 36900, 2006 WL 1643364, at *1 (M.D. Fla. June 6, 2006).

removal-October 3, 2022[.]") Thus, the action could not have been dismissed for non-diligence under state law **when state law was controlling**.

Even if Appellant's service efforts failed to meet Georgia's standard, Appellant could have exercised his right under O.C.G.A. § 9-11-61 to voluntarily dismiss the action and refile it.  In such a situation, "any delay in service in a valid first action is not available as an affirmative defense in the renewal action." Robinson v. Boyd, 288 Ga. 53, 56 (2010) (quoting Hobbs v. Arthur, 264 Ga. 359, 360-361 (1994)).  Because the suit still had life at the time of removal, the Plaintiff is entitled to the benefit of the ninety day time period afforded by Fed. R. Civ. P. 4(m).  (See Cantrell v. McLure, 2018 U.S. District LEXIS 240359 (N.D. Ga. Mar. 12, 2018), interpreting Rice v. Alpha Sec., Inc., 556 Fed. App'x 357 (4th Cir. 2014), which noted authority from the 3rd, 8th, and 10th Circuits that generally allowed suits with "jurisprudential life" in state court to be afforded the opportunity to cure service defects pursuant to the Federal Rules of Civil Procedure.)

Despite sufficiency under state law, the opportunity to cure any defects under federal law, and clear federal authority that Plaintiff was afforded ninety (90) days from the time of removal to perfect service on Appellee (which was undisputedly accomplished on November 21, 2022 [Doc. 13-3] after Appellant re-

- 14 -

served Appellee out of an abundance of caution), the District Court dismissed the action because Appellant "fail[ed] to show he exercised reasonable diligence, let alone the 'greatest possible diligence' in attempting service after [Appellee] filed its motion to dismiss-on October 11, 2022[.]" (Doc. 43). The District Court erred in applying state service law **after removal**, citing Van Omen v. Lopresti, 849 S.E.2d 758 (Ga. Ct. App. 2020), a case which was never removed to federal court and is not relevant to the issues of this case, and Aucoin v. Connell, 209 F. App'x 891 (11th Cir. 2006), in which perfected service was not accomplished until nearly nine (9) months after removal in violation of Rule 4(m), and "[a]t that point, because the case was in federal court, service was governed by Fed. R. Civ. P. 4."

Here, there is no dispute that the ninety (90) days provided by Rule 4 commenced on October 3, 2022. Rentz v. Swift Transport Co., Inc., 185 F.R.D. 693, 696 (M.D. Ga. 1998); White (supra). There is no dispute that Appellant perfected service in the allotted time frame. Lastly, there is no dispute that Appellant was sufficiently diligent at least to the point of removal, and the case had jurisprudential life. As such, Appellant's case should not have been dismissed as service was sufficient, curable, and/or cured under state law (pre-removal) and federal law (post-removal).

## <u>CONCLUSION</u>

For the reasons stated herein, this Court should reverse the District Court's grant of Appellee's Motion to Dismiss.

Signature and certificate pages follow.

Appellant submits this brief on December 14, 2023.

> ***/s/ Brent J. Savage***
> Ga. Bar No. 627450
> SAVAGE, TURNER, PINCKNEY,
> SAVAGE & SPROUSE
> P.O. Box 10600
> Savannah, GA 31412
> 912-231-1140
> bsavage@savagelawfirm.net
> lwickline@savagelawfirm.net
> *Attorney for Appellant - Plaintiff*
> *James H. Wilson, III*

<u>**CERTIFICATE OF COMPLIANCE**</u>

This brief complies with the type-volume limitation of Fed. R. App. P. 32 (a)(7)(B) because this brief contains a total of 3,433/13,000 words, excluding the parts of the brief exempted by Fed. R. App. P. 32 (f) and 11th Cir. R. 32-4.

This brief also complies with the typeface requirements of Fed. R. App. P. 32 (a)(5) and the type style requirements of Fed. R. App. P. 32 (a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word with size 14 Times New Roman font.

This certification is made on December 14, 2023.

*/s/ Brent J. Savage*
Ga. Bar No. 627450
SAVAGE, TURNER, PINCKNEY,
SAVAGE & SPROUSE
P.O. Box 10600
Savannah, GA 31412
912-231-1140
bsavage@savagelawfirm.net
lwickline@savagelawfirm.net
*Attorney for Appellant - Plaintiff*
*James H. Wilson, III*

Certificate of Compliance Page

## **CERTIFICATE OF SERVICE**

I certify that, on December 14, 2023, I filed Appellant - Plaintiff James H.

Wilson, III's Principal Brief with the Clerk of court using the CM/ECF system,

which will serve this document on the following counsel:

Lervette J. Blair
lervetteblair@parkerpoe.com
PARKER POE ADAMS BERNSTEIN, LLP
1075 Peachtree Street, NE, Suite 1500
Atlanta, GA 30309

Tracy O'Connell
ELLIS PAINTER
toconnell@ellispainter.com
7 East Congress Street, 2nd Floor
Savannah, GA 31401

This 14th day of December, 2023.

*/s/ Brent J. Savage*
Ga. Bar No. 627450
SAVAGE, TURNER, PINCKNEY,
SAVAGE & SPROUSE
P.O. Box 10600
Savannah, GA 31412
912-231-1140
bsavage@savagelawfirm.net
lwickline@savagelawfirm.net
*Attorney for Appellant - Plaintiff*
*James H. Wilson, III*

Certificate of Service Page

- 19 -